## 21608. GIBSON v. BALKCOM, Warden.

HEAD, Presiding Justice. 1. The exception is to a judgment remanding the petitioner to the custody of the warden in a habeas corpus proceeding. The judgment in the trial court recites that, "after consideration of testimony, etc." there is no merit in the petition. No testimony is specified in the bill of exceptions, and none appears in the record. This court can not review a judgment where the testimony in the trial court essential to the judgment rendered is not included in the record before this court. In such a case it will be assumed that the judgment is correct, since the burden is on one asserting error to show it affirmatively by the record.

2. Habeas corpus can not be used as a substitute for a motion for new trial, writ of error, or other remedial procedure. Where, as in the present case, the petitioner complains of alleged errors occurring upon his trial, resulting in the sentences imposed, his remedy was by motion for new trial. Under the allegations of the petition, the sentences imposed on the petitioner were substantially less than the maximum authorized by law. The petitioner can not accept moderate punishment by his failure to seek a new trial, and thereafter contend that he is entitled to his liberty by reason of alleged errors occurring upon his trial.

*Judgment affirmed. All the Justices concur.*
SUBMITTED APRIL 10, 1962—DECIDED MAY 7, 1962.

Julian L. Gibson, *pro se.*
*Eugene Cook*, Attorney-General, *Earl Hickman*, Assistant Attorney-General, *B. Daniel Dubberly, Jr.*, Deputy Assistant Attorney-General, contra.